**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 08-4832**

───────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MARIA CARBAJAL-NIETO,

              Defendant - Appellant.

───────────────

**No. 08-5139**

───────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ESEQUIEL HERRERA-NIETO,

              Defendant - Appellant.

───────────────

Appeals from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:06-cr-00037-RLV-DCK-9; 5:06-cr-00037-RLV-DCK-2)

───────────────

Submitted: July 20, 2010        Decided: August 6, 2010

───────────────

Before MOTZ, KING, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

———————————

Chiege O. Kalu Okwara, Charlotte, North Carolina; Richard A. Culler, CULLER & CULLER, P.A., Charlotte, North Carolina, for Appellants. Edward R. Ryan, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Esequiel Herrera-Nieto and Maria Carbajal-Nieto, who are husband and wife, were tried together on various drug and firearm charges. Esequiel was convicted of conspiracy to possess with intent to distribute cocaine and methamphetamine. He was also convicted of five substantive possession with intent to distribute charges and use or carry of a firearm during and in relation to a drug trafficking crime. Maria was convicted of conspiracy and one substantive offense. Both appeal their convictions, and Maria also appeals from her 235-month sentence. We affirm.

I.

Esequiel contends that the district court erred by denying his motion for judgment of acquittal. He asserted that the evidence was insufficient to support his conviction for using or carrying a firearm during and in relation to a drug trafficking crime or possession of a firearm in furtherance of a drug trafficking crime. We review de novo the denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion was based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to

3

support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009). This court "ha[s] defined 'substantial evidence' as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693.

We "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). This court may not weigh the evidence or review the credibility of the witnesses. United States v. Allen, 491 F.3d 178, 185 (4th Cir. 2007). If the evidence "supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

To convict Esequiel of violating 18 U.S.C. § 924(c) (2006), "the [G]overnment [had to] prove that [Esequiel] used or carried a firearm during and in relation to a drug trafficking crime or possessed a firearm in furtherance of a drug trafficking crime." United States v. Stephens, 482 F.3d 669,

4

673 (4th Cir. 2007). It is sufficient if the defendant's possession of the firearm was constructive, "meaning that he exercised, or had the power to exercise, dominion and control over the firearm." United States v. Wilson, 484 F.3d 267, 282 (4th Cir. 2007).

Here, the jury found specifically that Esequiel carried a firearm during and in relation to the conspiracy charge, as well as one substantive charge (arising from a search of Esequiel's home). The jury further found that Esequiel possessed a firearm in furtherance of the conspiracy charge and two substantive charges (one arising from the search of his home and the other involving the stop of his vehicle). Thus, the jury found that Esequiel violated § 924(c) in five different ways, any one of which would be sufficient to support his conviction.

We easily find that the evidence was sufficient to support Esequiel's conviction. As to the conspiracy, one witness testified that Esequiel began carrying a firearm regularly during drug transactions after one particular drug deal went bad. Another witness testified that, on the date of the relevant substantive offenses, he saw Esequiel at his home with a gun in his hand. This testimony alone, if believed, was sufficient to support the jury's verdict that Esequiel possessed and carried a firearm for protection during the drug conspiracy,

as well as during the transaction at his home.[1]  Accordingly, we affirm Esequiel's conviction.

## II.

Maria contends that the district court improperly calculated the drug amount for which she was responsible. Specifically, she asserts that she was wrongfully attributed with amounts for which the conspiracy was responsible before she arrived in the United States on October 15, 2005.[2] We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999).

Maria's claim is without support. Her presentence report clearly calculated the drug quantity based upon controlled buys between "late 2005 and August of 2006" and the seizure of contraband at her home. Accordingly, Maria has failed to show clear error by the district court.

---

[1] In addition, we hold that the evidence also supported the jury's verdict in all other respects concerning Esequiel's firearm conviction.

[2] Maria also asserts that, prior to her arrival in the United States, she was too young to be held responsible for the conspiracy's drug amounts.

III.

Maria next asserts that the district court did not provide a sufficient explanation for rejecting her request for a lower sentence and for choosing the imposed sentence. In evaluating the sentencing court's explanation of a selected sentence, we have consistently held that, while a district court must consider the statutory factors and explain its sentence, it need not explicitly reference 18 U.S.C. § 3553(a) (2006) or discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). But, at the same time, the district court "must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 50 (2007). Moreover, the district court must state the individualized reasons that justify a sentence, even when sentencing a defendant within the Guidelines range. Rita v. United States, 551 U.S. 338, 356-57 (2007). The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration . . . and [are] clearly tied [to the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007). Because Maria argued for a sentence below the advisory Guidelines range in district court, the adequacy of

7

the court's explanation is reviewed for harmless error. See United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

We conclude that the district court's explanation in this case was adequate. Maria argued for a below-Guidelines sentence based upon the fact that she became involved in the conspiracy through her husband and she did not know about his dealings prior to her involvement. She also noted that she did not have a criminal history and that she was very young. In imposing a sentence at the bottom of the Guidelines range, the district court noted the "serious and pernicious drug dealing enterprise of which the defendant was fully aware." The court rejected Maria's youth as a factor to support a variance, noting that many drug dealers are the same age. The court then discussed the § 3553(a) factors and found that they either supported a Guidelines sentence or were neutral, at best, but that none supported a variance. Because the district court provided individualized reasoning for the within-Guidelines sentence imposed, we reject Maria's claim.

IV.

Finally, Maria contends that the district court should have sua sponte severed her trial from that of Esequiel. Specifically, she asserts that there was evidence regarding the conspiracy that pre-dated her involvement and that no limiting

8

instructions were given. The failure to order severance sua sponte is reviewed for plain error. United States v. Hart, 273 F.3d 363, 369-70 (3d Cir. 2001). In general, the decision as to whether to sever a trial is left to the sound discretion of the district court. Zafiro v. United States, 506 U.S. 534, 541 (1993).

Absent special circumstances, defendants indicted together should be tried together. United States v. McManus, 23 F.3d 878, 883 (4th Cir. 1994). To succeed on appeal, a defendant claiming that the district court erred by failing to sua sponte order severance must make a colorable claim of prejudice. Id. Here, the evidence at trial established that Maria and Esequiel conducted drug transactions together, and many witnesses testified against both of them. While some of the evidence may have been relevant to the charges against Esequiel only, the evidence against Maria was overwhelming and she does not argue otherwise. Thus, she is unable to show the prejudice necessary to succeed on this claim.

V.

Based on the foregoing, we affirm Maria and Esequiel's convictions and Maria's sentence. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED